ANTHONY GOLDSMITH, Esq (SBN 125621)
DERBY, McGUINNESS & GOLDSMITH, LLP
21550 Oxnard Street, Suite 300
Woodland Hills, CA  91367
Telephone:  (818) 213-2762
Facsimile:  (510) 359-4419
agoldsmith@dmglawfirm.com
eservice@dmglawfirm.com

Attorneys for Plaintiff

THOMAS M. HOLLENSTEIN

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS M. HOLLENSTEIN,<br><br>         Plaintiff,<br><br>v.<br><br>HIGHLAND PARK PATIENT COLLECTIVE, INC., DBA THE PLANT, ORGANIC PROPERTIES ERWIN STREET, LLC and DOES 1 through 10, Inclusive,<br><br>         Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. § 12182(a),** *et seq.***]**<br><br>2. **Denial of Full and Equal Access [Cal. Civil Code §§ 54 And 54.1]**<br><br>3. **Violation of the Unruh Act [Cal. Civil Code § 51]**<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.     Thomas M. Hollenstein ("Plaintiff") is a person with disabilities, and he has suffered from discrimination when visiting and attempting to visit The Plant, a retail establishment located at 9655 De Soto Avenue, Chatsworth California (the "Facility" or the "Store"). Defendants' and/or their employees and agents have discriminated against Plaintiff by failing to maintain an accessible condition in the path of travel between the accessible parking for the Store and the entry to the Store that is free of obstructions, and by further refusing to modify their

policies, practices, and procedures to make the subject path of travel accessible and useable despite Plaintiff's good faith attempts to obtain their compliance with the law. Plaintiff believes that the behavior of Defendants will be repeated, unless enjoined. Plaintiff brings this lawsuit to enforce his rights under the Americans with Disabilities Act and supplementary California laws. He seeks an order requiring Defendants to adopt, maintain and enforce policies, practices and procedures that make the Facility accessible to him and other similarly situated people. Plaintiff also seeks damages, attorneys' fees, costs, and litigation expenses.

**JURISDICTION**

2.  This Court has original jurisdiction of this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§12101 *et seq*. (the "ADA").

3.  The Judicial District of the United States District Court for the Central District of California has supplemental jurisdiction over the State law claims alleged in this Complaint pursuant to 28 U.S.C. §1367(a). All the claims derive from a common nucleus of operative facts and arose out of the same transactions. The State law claims are so related to the federal action that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

4.  The Court should maintain jurisdiction over Plaintiff's supplemental State law claims as neither Plaintiff nor his counsel are "high frequency litigants" as defined by California law. Plaintiff is seeking an injunction to change a policy or practice under Title III of the ADA.

5.  Neither Plaintiff nor the law firm of Derby McGuiness & Goldsmith, LLP are "High frequency litigants" as that term is defined in California law.

**VENUE**

6.  Venue in the Judicial District of the United States District Court for the Central District of California is in accordance with 28 U.S.C. §1391(b) because Plaintiff's claims arose within this Judicial District and the property that is the subject of this action is located in this District in the City and County of Los Angeles, California.

## THE PARTIES

7. At all times herein relevant, Plaintiff was a person with a disability as defined in 42 U.S.C. § 12102 and California Government Code § 12926(l).  He is impacted by paralysis that requires him to use a wheelchair for mobility.  Plaintiff's condition affects the following body systems: Neurological, musculoskeletal, and/or cardiovascular.  Plaintiff's physical impairment substantially limits major life activities, including standing and walking.  Plaintiff cannot perform these activities in the same manner, speed and duration as the average person.  Moreover, Plaintiff has a history of and/or has been diagnosed and/or classified as having a physical impairment.

8. Neither Plaintiff nor the law firm of Derby McGuinness & Goldsmith LLP would be a "High frequency litigant" as defined under California law.

9. Plaintiff is informed and believes and based thereon alleges that, at all relevant times, Defendants HIGHLAND PARK PATIENT COLLECTIVE, INC., DBA THE PLANT and ORGANIC PROPERTIES ERWIN STREET LLC, were business entities existing and/or doing business under the laws of the State of California.  Plaintiff is informed and believes and based upon thereon alleges that Defendant HIGHLAND PARK PATIENT COLLECTIVE, INC., DBA THE PLANT is (and at all relevant times was) the operator of the business conducted at the Store and that Defendant ORGANIC PROPERTIES ERWIN STREET LLC is (and at all relevant times was) the owner of the Facility.

10. On information and belief, at all relevant times Defendants DOES 1 through 10 were or are owners or co-owners of an interest in or to the Facility or the business conducted thereat.

11. Defendants, and each of them, are the owners, operators, lessees and/or lessors of the Facility as a public accommodation open to the public under the laws of the United States and the State of California.  They each operate as a business establishment under the laws of the State of California because they provide goods, services, and facilities in exchange for money.

12. Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them were, at all times relevant to the action, the owner, operator, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner or joint venturer

of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein, including their managing agents and owners, gave consent to, ratified and/or authorized the acts alleged herein to each of the remaining Defendants.

## STATEMENT OF FACTS

13. On June 1, 2022, Plaintiff visited the Facility as a patron. He wanted to purchase cannabis products at the Store. Plaintiff was unable to access the front of the Store because large pallets of materials were blocking the route from the accessible parking for the Store to the Store entry. Plaintiff was unable to shop at the Store and had to have his purchases for him by a third party. Plaintiff rolled up to the curb and spoke to a person he believes was a manager. He complained about the lack of access and was assured that the inaccessible conditions would not be replicated or repeated in the future.

14. On June 18, 2022, Plaintiff again visited the Store and was surprised to find that, once again the accessible route from the accessible parking space was obstructed by boxes left outside the Facility that precluded him from being able to safely roll his wheelchair to the front entry. Plaintiff was subjected to a humiliating experience of having Store staff stand around without moving the boxes and argue with him about access. Plaintiff spoke to an employee who he believes is named Adolfo, who argued with him and suggested he come in and ask that barriers be removed. Of course, if Plaintiff were having trouble getting into the store because of barriers, it would be impossible for him to ask that barriers be removed by accessing the Store. Plaintiff informed the above noted employee that the accessible route from the nearest accessible parking spot to the Store should be kept in an accessible condition without Plaintiff having to beg for help. Eventually, the boxes were moved.

15. On June 19 and 20, 2022, Plaintiff visited the Facility with the intent to determine if the Store was willing to keep the accessible route free of obstructions. On each of these occasions, Plaintiff was able to observe that the route remained obstructed.

16. On June 21, 2022, Plaintiff again visited the Facility to purchase products and was once again confronted with boxes blocking the accessible route from the accessible parking spots to the entry of the Store. This time Plaintiff was, with difficulty, able to maneuver his wheelchair past the boxes, but there was not enough room to do so safely and the route was restricted well below the 48" required by the specific regulations regarding accessible route width as set forth in California law and likely below the 36" accessible width standards required by the ADA.

17. For the time being it appears that Defendants have stopped stacking boxes along the accessible route from the accessible spaces to the front entry, but has frequently parked a truck in the parking area in a manner that obstructs the accessible route. Plaintiff has encountered this condition a number of times, including on December 14, 2022, and is never able to directly access the Store when the truck is blocking the route.

18. These conditions encountered by Plaintiff constitute deviations from the most basic access standards as set forth in the Americans with Disabilities Act and State law. Public accommodations and businesses such as the Facility are required to maintain accessible features in an accessible condition and to adopt policies and practices that did not discriminate against people with disabilities as set forth below. Accessible routes with a clear width of 36" or more are required by the 2004 Americans with Disabilities Act Accessibility Guidelines (as adopted per the 2010 ADA Accessibility Standards) as well as the earlier 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities. Owners and operators are required to construct and *maintain* accessible routes. Accessible routes of 48" or more are also required in order to conform with State building regulations set forth in Title 24, Part 2, Volume 1 of the California Code of Regulations, commonly referred to as the California Building Code (the "CBC"). Like the ADA the CBC requires that accessible routes and other accessible features be maintained in an accessible condition.

19. Plaintiff has been frustrated and extremely upset due to Defendants' insensitive and illegal conduct. Plaintiff experienced difficulty, loss of enjoyment, humiliation, embarrassment, frustration, and other kinds of distress because of the failure of the Facility, despite requests, to simply follow the law and provide and maintain access to a feature that is required to be accessible,

all to Plaintiff's general damages in an amount according to proof.

20. Based upon the conduct alleged above, Plaintiff is informed and believes that Defendants' behavior is intentional, and that it maintains discriminatory policies and practices in conscious disregard of the civil rights of Plaintiff and others similarly situated.

**FIRST CLAIM
AGAINST DEFENDANTS
(For Discriminatory Practices in Public Accommodations; Violation of the Americans with Disabilities Act of 1990)**

21. Based on the facts and allegations pled in Paragraphs 1 through 19 above (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages, or accommodations in violation of the ADA. Plaintiff alleges that each Defendant owns, leases and/or operates a public accommodation as defined in 42 U.S.C. section 12181(7). The condition of Defendants' Facility and/or the manner in which Defendants provided services failed to provide full and equal access to Defendants' goods and services in public accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and 12182(b)(1)(A). As set forth in this Complaint, Plaintiff was specifically subjected to discrimination in violation of 42 U.S.C. sections 12182(b)(2)(A)(iv); 12182(b)(2)(A)(v); 12182(b)(2)(A)(iii); 12183 and 12188 because Plaintiff was denied equal access to and enjoyment of the Store. Defendants specifically also violated their duties under section 36.211 of 28 C.F.R. Part 36 to maintain elements required to be accessible in an accessible condition.

22. Plaintiff has physical disabilities as alleged in Paragraph 6 above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular. Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking. Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when compared to the average person. Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

23. One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv). That section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

24. Plaintiff alleges that the removal of each of the specific barrier that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36).

25. The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."

26. Additionally, Defendants have conspicuously failed to obey the provisions of section 36.211 of 28 C.F.R. 36 that requires public accommodations to maintain features that are required to be accessible in an accessible condition and as in this case, avoid creating barriers to access. These barriers encountered by Plaintiff were neither trivial nor could they be easily pushed aside or avoided by Plaintiff. The barriers encountered by Plaintiff were caused by a choice made by Defendants and were not related to an accessible element being unavailable because of repairs or the like.

27. Based on the facts and allegations pled herein, Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA, have failed to remove barriers despite it being readily achievable to do so and have failed to maintain accessible elements in an accessible condition.

28. Based on the facts and allegations pled at Paragraphs 1 through 26 above, and the facts elsewhere in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless

Defendants are ordered to discontinue business at the Facility or: (i) remove architectural and other barriers at Defendants' property and otherwise obey the requirements of the ADA, (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by guests with disabilities, and (iii) maintain features required to be accessible in an accessible condition. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' place of business but is deterred from doing so because of the barriers created by the intentional discriminatory conduct of Defendants. Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction is necessary to assure that Defendants comply with the applicable requirements of the ADA. Other access barriers may exist at the Facility. Plaintiff will seek leave to amend this Complaint after a site survey of the premises by his access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

**SECOND CLAIM**
**AGAINST DEFENDANTS**
**(For Denial of Full and Equal Access in Violation of**
**California Civil Code Sections 54 and 54.1)**

29. Based on the facts and allegations pled in Paragraphs 1 through 27 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights under sections 54 and 54.1 of the California Civil Code. At all times relevant to this Action, California Civil Code sections 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of their physical disabilities and that they shall have full and equal use of public facilities and other public places.

30. Section 54(a) of the California Civil Code states that individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics

and physicians' offices, public facilities, and other public places.

31. Plaintiff is an individual with a disability as defined in California Government Code section 12926.

32. California Civil Code section 54.1 (a)(1) provides, in pertinent part, as follows:

> 54.1(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, ... places of public accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

33. Each violation of the Americans with Disabilities Act of 1990 also constitutes a violation of sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law. Plaintiff alleges that he has been denied such full and equal access as required by California law which incorporates Title III of the ADA.

34. Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

35. The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Facility and the goods and services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**THIRD CLAIM
AGAINST DEFENDANTS
(For Violation of Section 51 of the California Civil Code)**

36. At all times relevant to this action, section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities. Based on the facts and allegations pled at Paragraphs 1 through 34 above and elsewhere in this Complaint (which Plaintiff re-pleads and incorporates herein by reference), Plaintiff alleges that Defendants have discriminated against Plaintiff and violated Plaintiff's rights

under section 51 of the California Civil Code.

37. Plaintiff is a disabled person or has a disability as defined by section 12926 of the California Government Code.

38. California Civil Code section 51(b) provides, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

39. Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code section 51.

40. Section 52(a) of the California Civil Code provides as follows:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

41. The barriers to access complained of herein as well as the failures to adopt and modify policies and procedures are patent (and in some cases absolute) barriers to people with mobility disabilities and are of an obvious and intuitive nature and demonstrate an intent to deny Plaintiff's rights. Parties who own and/or operate restaurants are familiar with the requirements for the provision of accessible features and policies for use by people with disabilities and are aware that such matters are governed by the ADA. Defendants intentionally allowed the barriers complained of herein to remain at the Facility and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. The conduct is particularly offensive because of Plaintiff's repeated attempts to gain the cooperation of the Defendants without resort to litigation.

WHEREFORE, Plaintiff prays for damages and relief as hereinafter stated.

///

**PRAYER FOR RELIEF**

A.   For general and special damages pursuant to California Civil Code sections 52, 54.3, 3281 and 3333, and/or under common law;

B.   For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code section 52 for each and every violation of California Civil Code section 51;

C.   In the alternative to the damages pursuant to California Civil Code section 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages pursuant to California Civil Code section 54.3 for each and every violation of California Civil Code section 54.1 and/or California Civil Code section 54;

D.   For injunctive relief pursuant to 42 U.S.C. section 12188.  Plaintiff requests that this Court enjoin Defendants from continuing to do business at the Facility prior to adopting policies practices and procedures that comply with the ADA and California laws or in the alternative, that this Court issue a mandatory injunction requiring Defendants to immediately make the Facility fully accessible including the adoption of policies practices and procedures to assure that Plaintiff and other persons similarly situated can make use of designated accessible path of travel features. Plaintiff does not request any injunctive relief pursuant to section 55 of the California Civil Code or section 19953 of the California Health & Safety Code;

E.   For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and

F.   For such other further relief as the Court deems proper.

Date: August 1, 2023

DERBY, McGUINNESS & GOLDSMITH, LLP

*/s/ Anthony Goldsmith*
By:   ANTHONY GOLDSMITH, Esq.
        Attorneys for Plaintiff
        THOMAS M. HOLLENSTEIN

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: August 1, 2023                           DERBY, McGUINNESS & GOLDSMITH, LLP

*/s/ Anthony Goldsmith*
By:   ANTHONY GOLDSMITH, Esq.
        Attorneys for Plaintiff
        THOMAS M. HOLLENSTEIN